# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAYMOND PETER GODAIRE, | : | |
| Plaintiff, | : | |
| v. | : | No. 3:10cv01266 (MRK) |
| UNITED STATES DEPARTMENT OF JUSTICE, | : | |
| Defendant. | : | |

## RULING AND ORDER

Plaintiff Raymond Peter Godaire filed his Complaint [doc. # 1] *pro se* and *in forma pauperis*, asserting claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On November 17, 2010, the Court issued an Initial Review Order [doc. # 3] dismissing Mr. Godaire's claims against all but two of the Defendants named in the Complaint. On May 19, 2011, the Court issued a Ruling and Order [doc. # 28] directing the Clerk to add the United States Department of Justice ("DOJ") as a Defendant and to terminate the remaining two original Defendants, DOJ's Inspector General and Attorney General Eric Holder. *See* Ruling and Order [doc. # 28] at 1-2 (noting the Court's obligation to construe a *pro se* complaint liberally and construing Mr. Godaire's Complaint to state a claim against DOJ and not merely against individual employees of that agency). Pending before the Court is DOJ's Motion for Summary Judgment [doc. # 15]. The Court GRANTS that motion.

**I.**

The facts of this case are taken from the parties' Local Rule 56(a) Statements. Unless otherwise noted, the facts are undisputed. Where disputes or ambiguities exist, the facts are construed in the light most favorable to Mr. Godaire, the nonmoving party.

In a letter dated June 11, 2010, Mr. Godaire submitted a FOIA request to the Office of the Inspector General of the Department of Justice ("the OIG"). In his letter, Mr. Godaire requested "a copy of your investigation regarding my complaint of 2/11/09." Letter from Raymond Peter Godaire to Inspector General, Dept. of Justice, June 11, 2010, Ex. 1 to Pl.'s Local R. 56(a)2 Statement [doc. # 18-3] at 5. In the event that "no investigation was held," Mr. Godaire requested "a copy of all documents upon which [the agency] decided the law did not apply to the Department of Justice." *Id.* at 6. Mr. Godaire's letter was delivered to DOJ on June 16, 2010. *See* Pl.'s Local R. 56(a)2 Statement, Disputed Issues of Material Fact ¶ 8 [doc. # 18-3] at 2; U.S.P.S. Track/Confirm - Intranet Item Inquiry, *id.* at 8. The OIG's Office of General Counsel – the division of the OIG that handles FOIA requests – received Mr. Godaire's letter on August 16, 2010. *See* Def.'s Local R. 56(a)1 Statement [doc. # 15-2] ¶ 8; Waller Decl. [doc. # 15-3] ¶¶ 5-6; Ex. 1 to Reply to Pl.'s Opp'n to Mot. for Summary J. [doc. # 21] at 9.[1]

The OIG maintains records relating to its investigative duties in the Investigations Data Management System ("IDMS"), an electronic database. The investigative records stored in IDMS are indexed by names of the individual subject or subjects and by the name of the complainant. Therefore, investigative records can be searched electronically by the names of

---

[1] It should be noted that in its Local Rule 56(a)1 Statement, the Government alleges that "[t]he OIG received Plaintiff's FOIA request on August 16, 2010, as evidenced by a 'Received' stamp dated 8/16/2010, placed on . . . the letter by OIG's Office of General Counsel." Def.'s Local R. 56(a)1 Statement [doc. # 15-2] ¶ 8; *see* Ex. 1 to Reply to Pl.'s Opp'n to Mot. for Summary J. [doc. # 21] at 9. The declaration cited by the Government in support of that allegation in fact states that it is possible that Mr. Godaire's letter may not have been "routed to the [Office of General Counsel] for 1 to 2 days after delivery to the OIG." Waller Decl. [doc. # 15-3] ¶ 5. Mr. Godaire disputes the assertion that the OIG did not receive his request until mid-August, claiming on the basis of a postal record that his letter was delivered on June 16, 2010 and signed for by one "M. Power." *See* Pl.'s Local R. 56(a)2 Statement, Disputed Issues of Material Fact ¶ 8 [doc. # 18-3] at 2. However, the evidence cited by Mr. Godaire does not contradict DOJ's claim that Mr. Godaire's letter was not received by the OIG's Office of General Counsel – as opposed to, for instance, the DOJ mail facility, *see* Waller Decl. [doc. # 15-3] ¶ 5 – until August 16, 2010.

those individuals. IDMS is the sole and exclusive records system for the store of records relating to complaints of misconduct received by the OIG and to investigations of those complaints by the OIG.

On August 16, 2010, the OIG conducted an electronic search of the IDMS for records responsive to Mr. Godaire's FOIA request, using Mr. Godaire's name or a reasonable variation of his name. *See* Waller Decl. [doc. # 15-3] ¶ 8. The OIG found no records responsive to Mr. Godaire's particular request concerning his complaint allegedly dated in February 2009. *See id.* IDMS was the only records system likely to contain records responsive to Mr. Godaire's request, and the OIG searched that system using the most accurate means of identifying any such records – Mr. Godaire's name and a reasonable variation of his name. *See id.* By letter dated August 17, 2010, the OIG responded to Mr. Godaire's FOIA request, advising him that the agency had found no documents responsive to his request. *See id.* ¶ 9; Ex. 2 to Reply to Pl.'s Opp'n to Mot. for Summary J. [doc. # 21] at 11.[2]

Mr. Godaire filed his Complaint [doc. # 1] with this Court on August 9, 2010.

## II.

As with all motions for summary judgment, summary judgment in a FOIA action should be granted only if the moving party "shows that there is no genuine issue as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment in a FOIA action, "the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption

---

[2] In his Local Rule 56(a)2 Statement [doc. # 18-3], Mr. Godaire notes that the August 17, 2010 letter was not included as an exhibit to the Government's Local Rule 56(a)1 Statement or in any of its previous filings. *See* Pl.'s Local R. 56(a)2 Statement [doc. # 18-3] at 3. In its Reply, the Government has explained that the August 17, 2010 letter "may have been inadvertently omitted from the government's summary judgment papers," and a copy of the letter is attached to the Reply as "Exhibit 2." Reply to Pl.'s Opp'n to Mot. for Summary J. [doc. # 21] at 7, 11.

to the FOIA." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (citing 5 U.S.C. § 552(a)(4)(B); *EPA v. Mink*, 410 U.S. 73, 79 (1973)). To satisfy that burden, the agency may rely on "[a]ffidavits or declarations supplying facts indicating that the agency has conducted a thorough search and [explaining in reasonable detail] why any withheld documents fall within an exemption." *Id.* (citations omitted).

To establish the adequacy of a search, an agency affidavit or declaration must be "relatively detailed and non-conclusory" and "submitted in good faith." *SafeCard Services, Inc. v. SEC,* 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quotation marks and citation omitted); *see Wood v. FBI*, 432 F.3d 78, 85 (2d Cir. 2005). This means, for instance, that an agency affidavit or declaration must describe in reasonable detail the scope of the search and the search terms or methods employed. *See, e.g.*, *Maynard v. CIA*, 986 F.2d 547, 559 (1st Cir. 1993); *N.Y. Times Co. v. U.S. Dep't of Def.*, 499 F. Supp. 2d 501, 518 (S.D.N.Y. 2007). Because "[a]ffidavits submitted by an agency are accorded a presumption of good faith[,] . . . discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." *Carney*, 19 F.3d at 812 (quotation marks and citation omitted).

### III.

In this case, DOJ has submitted the declaration of Deborah Marie Waller, the Paralegal Specialist and FOIA Officer for the OIG. *See* Waller Decl. [doc. # 15-3] ¶ 1. Ms. Waller's detailed declaration reveals that, within a day of the OIG's receipt of Mr. Godaire's FOIA request, she conducted a search of IDMS – the sole records system that might contain documents of the sort requested by Mr. Godaire. Although Ms. Waller does not have a record of the search terms she used, based on her "custom and practice," she is "confident that [she] searched IDMS

4

for references to [Mr. Godaire's] name using the name and variations of his name that he provided." *Id.* ¶ 8. Ms. Waller states that she "may . . . have included a date range in [her] search request," but "do[es] not have a specific recollection of doing so." *Id.* According to Ms. Waller's declaration, her search found no documents responsive to Mr. Godaire's FOIA request. *See id.*

Ms. Waller also declares that in preparing her declaration, she conducted a second electronic search of IDMS "for any records relating to [Mr. Godaire]," *id.* ¶ 10, and that her second search, like her original search, found no records responsive to Mr. Godaire's FOIA request. *See id.* Ms. Waller notes that in her second search she did locate a record related to a letter the OIG received from Mr. Godaire in April 2005 in which Mr. Godaire alleged that his civil rights had been "abused" and that he had been subject to threats. *Id.* (quotation marks omitted). The record she discovered "reflect[ed] that [Mr. Godaire's] 2005 letter was handled as 'information only' and the OIG did not open an investigation." *Id.*

Given that IDMS is the sole and exclusive records system for the store of records relating to complaints of misconduct received by OIG and to investigations of those complaints by OIG, and given that records in IDMS are organized by names of the individual subject or subjects and by the name of the complainant, the search described by Ms. Waller in her declaration was reasonably calculated to discover documents responsive to Mr. Godaire's FOIA request. Therefore, DOJ has satisfied its burden.

**IV.**

Mr. Godaire previously filed a Motion for Discovery [doc. # 19], which the Court denied. "[D]iscovery relating to [an] agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." *Carney*, 19 F.3d at 812. "In order to justify discovery once the agency has satisfied its burden, the

5

plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations . . . or provide some tangible evidence that . . . summary judgment is otherwise inappropriate." *Id.* (citations omitted). Mr. Godaire has submitted no evidence indicating that Ms. Waller's declaration was made in bad faith or that the OIG did not actually conduct a search of the type described in Ms. Waller's declaration. Nor is there any evidence that, contrary to Ms. Waller's declaration, records responsive to Mr. Godaire's FOIA request were discovered but withheld from Mr. Godaire.

In his response to the Government's Local Rule 56(a)1 Statement, Mr. Godaire alleges that "[t]he OIG has no backlog of FOIA request[s] or complaints because [it] destroys them." Pl.'s Local R. 56(a)2 Statement, Disputed Issues of Material Fact ¶ 12 [doc. # 18-3] at 3. However, no evidence in the record supports that allegation. As the Second Circuit has stated, the presumption of good faith accorded to agency affidavits and declarations "cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999) (quoting *SafeCard Services*, 926 F.2d at 1200).

## V.

For the foregoing reasons, DOJ's Motion for Summary Judgment [doc. # 15] is GRANTED. **The Clerk is directed to enter judgment for the Defendant and to close this file.**

IT IS SO ORDERED.

/s/     Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: July 25, 2011.**